May it please the Court, good afternoon. My name is Kevin McCoy. I'm with the Federal Defender's Office in Anchorage, and I'm here to represent Mr. Dahl Van Nguyen. In this case, the government relied exclusively on two no-contest-dependent Alaska State Court judgments, misdemeanor judgments, to prove that Mr. Nguyen committed two crimes in violation of an immigration order of supervision. Our view is that these no-contest-dependent misdemeanor judgments are not admissible in a subsequent federal criminal trial to prove the underlying misdemeanor crimes that are reflected in the misdemeanor judgments. Our view is that these judgments are inadmissible under Alaska law and also under federal law. Now, you both argue this is a federal law question in the district court. Yes. And this is a federal criminal trial? It was. And it's subject to the federal rules of evidence? Yes. I mean, that eventually gets us to Laura and Wilson, I think. I mean, I think that the federal rules of evidence are plenary. There are – that govern the admissibility of evidence. You turn to State law. Why would you turn to State law in a federal criminal trial? My view is that you don't. My view is that you look at Evidence Rule 410 and you look at 803.22, the hearsay exception, and that informs when a misdemeanor or when a criminal judgment can be brought into a federal court to prove the underlying act. Would you distinguish that, then, from a situation where you have a supervised release revocation as opposed to an independent criminal prosecution? Oh, clearly. I mean, the rules of evidence don't apply to probation revocation or to supervised release revocation, but the federal rules of evidence clearly apply to criminal trials. Let me ask you this. It's sort of an odd thing because it's an – it's this immigration-related situation. Would – in your view, would the government have had the discretion to simply say he violated the terms of his release and put him back in custody, or would, because of the odd situation with Vietnam, were they required, in order to keep him in custody, to charge him with a new crime? You know, I thought of that, and I looked at the statutory scheme to see whether the immigration has the authority to basically revoke similar to a revocation. And I couldn't find it, and I may not have looked exhaustively, but my – that was my first thought that – We can ask the government that question. But as a practical matter, that – you know, in terms of the – as a practical matter, that may be something that Congress wants to look at, but I could not find anything like that. Judge Reiner, you asked me why I looked at State law, and I did that to discuss Verdusco and Gautarama. And if you look at those cases, I would say that the situation in Alaska is different than the situation in California. In – there's no statute in Alaska that is similar to the statute that this Court discussed in those two cases in that context. California treats no contest pleas as virtually the same as guilty pleas for all but a few limited purposes. That's not the case in Alaska. If you were to run a Westlaw check on the terms no contest or no low contendory, you would not find a comparable statute. When the Alaska legislature wanted to make a no contest dependent judgment useful in a subsequent proceeding, it's expressly said so. And you find that most often in the statute dealing with the licensing of professionals and when criminal judgments can be used to discipline those professionals. But you will not find, if you search Alaska law, a general rule of equivalency between no contest pleas and guilty pleas or a general rule of admissibility to proceedings similar to the California statute discussed in Verdusco. Another question I have, then, is if you leave aside State law, and it's just sort of an odd circumstance because of this immigration, and then you go to the immigration law where they define the word conviction to include a no low conviction coming as a result as a no low plea, I know the government made this argument. It's brief, and I didn't really see a response on behalf of Mr. Nguyen. What is your view on whether that INA statute has any relevance to the analysis here? I don't think it has any relevance. I think there's a difference between a conviction and proving a criminal act. I mean, if the order of supervision said you shall not sustain any convictions, then the conviction becomes directly relevant. But if the order of supervision says don't commit any crimes, then it's incumbent on the government to prove that you committed a crime. And it's our view that you can't do that with a no contest dependent judgment because the Federal rules of evidence exclude it in this circumstance. And so just to have it clear, I mean, I understand this legal argument, and it's fairly persuasive, but as a matter of common sense, it isn't. Do you understand what I'm saying? The sense of you're out, you're not supposed to commit any crimes. But if you do, the way you can sidestep that is basically to enter a no low plea so you're no worse off. I mean, there's something common sense-wise that has me colliding there, but I completely understand your argument. But, I mean, that's because we're in the context of a criminal trial. If we were in the context of a revocation, the question you asked would have more persuasion with me. But the fact is that we're not, and that right now Congress has elected to make this a misdemeanor crime and require that the government prove the underlying criminal act, and I think I'm making my point clear, I don't think you can do it with a no contest dependent judgment. Let's just say, hypothetically, if you can't put it in under 410 because you're in a Federal court and you're in a normal criminal trial, could the government or would it be permissible for the government, in your view, in order to prove its case, to prove the facts underlying the crime? Yes. Yes. But they failed to do so. They failed to do that. In fact, there's an out-of-circuit. I think in the briefing there's an out-of-circuit case called Wyatt that discusses that directly. But even if somehow you conclude that the judgment should have come in, I think the second point I want to touch on briefly and then save the balance of my time for rebuttal was the failure to give an instruction that explained for the jury the meaning of a no contest plea. Well, isn't this a matter of law? Yes, I think so. I mean, I think it's a matter of law, but the government argues, well, we didn't we're not introducing the conviction to show that he admitted misconduct, but the jury can infer from that that he must have committed the underlying crime. And if that argument were accepted, the problem with the instructions was that there was no basis, no non-speculative basis in the instructions for the jury to understand the meaning of a no contest plea. Can I ask you another question? Was there a bail motion made in this case? There was not, Your Honor. And I can to give you an idea of the geography, and before we even got to Federal Court, the arrest was out in Nunn, Alaska, which is a thousand miles out on the Aleutian Chain. He was Mr. Nguyen is in immigration custody as well as Marshall's custody right now. And so as a practical matter, discussing it with Mr. Nguyen, we didn't we didn't make a bail motion because it wouldn't result in his release. I'd save the balance of my time. Thank you. Thank you, sir. Good afternoon, Your Honors. My name is Thomas C. Bradley. I'm the criminal chief at the U.S. Attorney's Office in Anchorage. I'm appearing here today on behalf of Mr. Miklop, who tried this case, who briefed it, and his wife had a baby two weeks ago. So he's home on baby duty, and I'm down here enjoying the spring weather. He couldn't make it, take a day off from baby duty. Okay. That's his choice. That was his choice. I'm not going there. That was his choice. I'm just curious. It's very interesting. I commend it. Yeah.  Let me ask you the question that I asked you, that I asked Mr. Nguyen's counsel. In an immigration situation where he doesn't abide by his release terms, is the only choice to charge him with a whole new crime, which is the crime they charged him with here? Or was there an option of some kind of a, quote, revocation? They do have. Again, this is a unique situation, given the fact that Mr. Nguyen is an immigrant from a country with which the United States does not have diplomatic relations. So they've created this whole immigration parole status to address that. It comes up with people from Laos. It comes up with people from a number of nations that we don't have relations with. They bring these people into immigration custody, and they will put a hold on them, and they do have some administrative remedies they can impose. I know that it happened quite a bit with the Marielito Cubans at one point, and they were basically held in indefinite immigration, INS at that time, ICE now, custody. You can't hold them forever. You can't hold them forever, but they certainly had that approach. In this case, the case was presented to our office as prosecution under this misdemeanor offense, which is, as the Court talked about earlier, it's a unique statute because it is very much, although a criminal offense, a misdemeanor offense, it is much more like a supervised release violation or a parole where someone who has committed an offense, they are under the supervision of a portion of the executive branch under rules that you will behave yourself. You will not commit crimes. Even though it's like a supervised release, it isn't one. In other words, what would be the authority for saying that the federal rules of evidence don't apply in this federal criminal prosecution? Is there any support for that? They do apply because it's a jury trial. All right. But it's a jury trial under a Title VIII criminal offense before a district judge, before a jury, and the rules of evidence do apply. If the rules apply, why wouldn't Rule 410 preclude the introduction of? Because our position is that the facts of the plea, for example, him admitting facts on the record or entering his plea would not be admissible under Rule 410 because it says the underlying facts. In this case, what was admitted was the court document, the judgment in this case, the judgment of conviction, not the underlying plea itself. At one point, Judge Fitzgerald did overrule Mr. McCoy's motion and rule that the plea itself, which we had on tape, all the state and federal cases in Alaska are done audio rather than by court reporter. And we were going to play that, and we decided after looking at the rule that actually that would violate Rule 410 because that would be the actual plea. And so we elected not to offer that. You know, that's something that it seems to me that is confusing, to be honest. I understand your point. But it says you can't enter, you can't use in this trial a plea of no real contender. And then it goes on to give the rationale, because if you could introduce these, then people would basically plea and get rid of all kinds of cases. It's kind of like a settlement in a way. You know, it's like you don't put it in. But some of the cases make a distinction between the plea and the conviction, which I hear you doing, in effect. Yes, Your Honor. But doesn't that end you up right in the back, the same place? The argument made at the trial, and certainly made vigorously in the other direction by Mr. McCoy in closing arguments, was that the jury could infer from the conviction that he had committed those acts. And you touched on the common sense aspect of this and sort of the be careful of the remedy you're seeking, because it would be very easy to step into an old chief situation where the government is proving up underlying offenses, retrying a case, bringing in facts that are highly prejudicial to a defendant before the jury in the new case about violent criminal assaults that would probably tend to prejudice the jury even more against the defendant. But your theory is that you can't – there is a – you get a benefit from entering into a no-doubt plea, that it can't be used against you. But they can – the only – the no-doubt plea is inevitably followed by the conviction order. So you really got nothing by the no-doubt plea. I think for certain cases, certainly the common law tradition and the tradition of the California statute is that it can't be used against you in civil proceedings. If you're involved in a – All right. That's a different argument. But you're saying that the no-doubt plea can't be used, but the conviction can. And the convictions are routinely used because they are reliable by courts. What is the benefit then of a no-doubt plea? Protection against liability in a civil case where someone – No, no. You're switching from criminal to civil. I'm talking about the difference between a conviction and a plea. You're saying the plea can't be used against you, but the conviction can. And as the – Under that theory, whether civil, criminal, whatever, it's the plea that can't be used, but you say the conviction can be. I do. Justice, what benefit do you get by the plea? That you're not admitting particular facts that could be specifically used against you. For example, I was drunk when I was in the collision or I committed the assault against the person. The plea is NOLO. I don't deny the charge. I plead NOLO to a firearms charge. Right. Under the rule, we could not use the NOLO plea to prove the unreasonable doubt, the underlying fact that a firearm was used in a federal prosecution. Right. But you could use the conviction. However, we could use the conviction to show the prior conviction under a 924C or 922G. There's a difference here, because in that case, what is significant is the fact of the conviction. Right. In this case, what is significant is not the fact of conviction, but the fact of committing the underlying crime, because that's what he's – Yes, Your Honor. In essence, as we talked about to defense counsel, I take it you agree that you And I believe that if we had, we would have rendered the objection that the underlying crime itself was pretty beneficial. No. In fact, what you have to prove is the crime and not the fact of conviction. What could be offensive about proving the crime? The very crime that he's being charged with, what could be offensive about that? Because it would, I think, in that case, the defense would be here saying that that had somehow unfairly prejudiced the defendant because of the perhaps violent nature of the underlying offense. In this case, we simply asked the jury and it was argued – Wait, wait. I'm having some trouble understanding what – I don't want to put you in the position of having to argue for the defense in some case down the line, but if in fact what he's charged with is you committed a crime and this is the crime, what could be objectionable about admitting evidence of the very crime he's being charged with having committed? And I think the analogy goes to cases like Old Chief where the underlying offense may be highly prejudicial against the defendant and the jury may be so appalled by the specific allegations in that crime that they would convict the defendant based on that. I guess it's sort of an odd thing because the supervised release condition, you know, it's not a statutory thing. It's just these words. So it's not like you're interpreting a statute. So we've got these words, you know, you're not supposed to commit a crime or crimes. So that's sort of the rough words. And I wonder, well, if you are convicted of a crime, have you committed a crime? And I think that's just a practical reason that those are written in. For example, for supervised release violation or parole violations, probation violations, you may not be prosecuted. You may have committed a crime and the State may fail to prosecute that crime. Or you may – they may prosecute you and you're acquitted of that crime because you couldn't be convicted beyond a reasonable doubt. The government would still be able to come in and file the supervised release violation. And those, they use the term committed to crime. But, for example, in the firearms case – Can I ask then if – does your case depend then on making a distinction between the plea and the conviction? I mean, is that what it does? It does. Yes, ma'am. If the – Well, what's your best case to say that under 410 you can't introduce the plea, meaning the colloquy or the – whatever the statement was, but you can introduce the fact of conviction? Because the fact – the conviction, again, is something that the courts rely on routinely in – and the Alaska State courts rely on routinely in sentencing, in presumptive sentencing in Alaska State courts. No. It's not the fact of conviction that's significant here. It's the underlying crime. So do you have any authority that supports the proposition that you can introduce a conviction that resulted from a no-low plea to prove the facts of the underlying crime? Well, I think the conviction can come in under the hearsay exception for the public records. I think the argument is that it is evidence. And under Rule 401, evidence, admissible evidence, is anything that makes it more or less likely that an element of the crime – Then how can you explain Rule 410's explicit reference to its applicability in a criminal context? I mean, it says, in any civil or criminal proceeding. So 410 is meant to speak to a criminal proceeding. How could it ever speak to a criminal proceeding if maybe you can't introduce the plea, but you can produce the conviction and introduce that to prove the facts that lay behind the charge? And I think that the distinction is that proving a specific fact – I think Rule 410 protects against the specific fact necessary – the element necessary to prove that crime. For example, possession of a firearm in a State assault prosecution being used as conclusive proof that someone possessed a firearm for a Federal – So how is this different? Isn't this exactly the same? It's simply here from the – it is not conclusive proof, but it's an argument. And the defense made that argument very vigorously in its closing argument. Mr. McCoy said that, you know, a no-low plea is different. It is not evidence that there may be different reasons a person enters a no-low  plea. You don't know what happened in State court. He cross-examined Deportation Officer Shailene Chang about that, that you weren't present in State court. You don't know what – whether this man had an attorney or why he would have entered a no-contest plea. And he made that argument very vigorously. The jury simply chose not to accept it. Here's another problem I'm having. I'm just trying to fit all the rules of evidence together. So it says in the hearsay exceptions under Part 22, that's the one where it says you can enter evidence of a final judgment in the case of a felony. Right. Except – For no-low pleas. So we lose on two aspects on that rule. Right. It's not a felony. It's not a felony. It's not a felony. And it's a no-low plea. Okay. So, but I'm correct. But you see, in some ways you want to read that with the other ones, because you're trying to make sense out of it. So what they're basically saying is if you have a felony situation and a no-low plea, you can't enter it. That's correct. Okay. So let's say he'd been, you know, convicted of assault in the first degree or whatever, and it was a felony. Then you'd be out of luck under this rule, correct? Yes, ma'am. But in your view, let's say it were a felony, do you think you – do you still think it would come in under 410? As a conviction, but not the plea itself. Not the plea itself. And I think it also could come in – So out of their 422. I still think it can come in under 803A, under a public record exception. And that's my second question. Because it's reliable. Do you think that – and I'm just going to stick with a no-low plea at this point, not a conviction resulting from a link. Do you think that a no-low plea would come in under 803A, which is a public record exception? The plea itself, no. I think the record of the plea – of the conviction can, but I think the plea can't. Okay. And where in there would it say that the plea could not – not 410, but the public record exception? Because would it be a record or a statement? It is simply the record report, statements, data compilations, blah, blah, blah, of public officials. And that exception exists because there's a reliance in our society that the records of courts and government agencies – So you said the plea itself wouldn't be a record. The pieces of paper come in. But a conviction – a conviction would be a record under 803A. Yes, ma'am. Yes, Your Honor. A plea is probably a record, too, isn't it? Well, that was my question. Is it or is it not? I don't – And how does that fit with 410? I think in the sense that a plea would be a record in the sense that a transcript of a trial is a record, but a transcript of prior testimony isn't admissible normally because, you know, again, people can say anything in court. Things can happen in a – they're simply statements. They can't be cross-examined. The documents are relied on by public officials and by courts for their accuracy, that the judge checked the right box or that the hearing took place. And so I think that the record is the judgment, not the – whatever statements were made. Those statements are clearly hearsay. They're the classic type of statements that the rules of evidence are trying to protect against. Is there anything in the – I don't want to use the word public records, but is there anything in the case law, I guess, that would suggest the use of this statute or the frequency of the use of this statute? I don't think it's used very frequently. I think it's fairly infrequent. And I think in cases where it does come up, it tends to be a case that's usually resolved. I don't – they're certainly looking at prior to authorizing it. I want to ask a question, because I'm not quite sure you answered my question, and that is on the distinction between the plea and the conviction, what do you think is your best case for making that distinction? Because in the end, I think you said the case boils down to the plea. That the conviction is the record. But what's your best case? I don't mean, like, in your head the best case. I mean the best legal case that I can go to Lexis and look up. I think just Loera, going through the fact that the court does rely on traffic documents as being accurate and being something the court can rely on and is admissible. Okay. Well, we've gone over by 50 percent, so thank you very much. Unless the court has questions, I think I'll submit it. I think the one point that I want to make. Can I do that one question? Oh, yes, certainly. And that is this whole issue of the difference between the plea and the conviction. Because he says my case boils down to that, and so the question is, is there a difference and why does 410 use the word plea and not conviction? Well, I think that, I mean, if you frustrate the purpose of a no-contest plea if you make them the same, I think it's a distinction without a difference is what I'm trying to say. I mean, just if I could just talk about the practicalities here. Mr. Nguyen was arrested in Unalaska, transported to Anchorage because he didn't make bail. After a while, he wanted to get out, so he pleads no-contest. That's a common scenario. A no-contest plea is designed to promote compromise and the one promise that's made is it won't be used again. And what flows from the no-contest plea is the judgment. And I don't see it's a distinction without a difference. The other thing, when you look at the excerpts, you'll see that the words no-contest are prominent on the judgments. And so I don't see how that makes a difference. In the end, it's they have to prove whether he committed a crime. You can't do it with a no-contest dependent judgment. That's the question. Thank you. Cases, sir, you will be submitted.
judges: Reinhardt, McKeown, Clifton